United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20816

_____

DANNY R, by next of friend
Ilan R.; ILAN R., Guardian,

Plaintiffs-Appellees,

versus

SPRING BRANCH INDEPENDENT SCHOOL
DISTRICT; ET AL,

Defendants,

THE TEXAS EDUCATION AGENCY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston
(H-02-CV-480)
_____

Before JOLLY, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant The Texas Education Agency ("TEA") filed a motion to dismiss, on grounds of Eleventh Amendment sovereign immunity, a claim of Plaintiffs-Appellees Danny R, by next of friend Ilan R., and Ilan R., Guardian (collectively, "Appellees"),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

grounded in § 504 of the Rehabilitation Act.[1]  The district court denied TEA's motion to dismiss, concluding that, in accepting federal educational funds made available by Congress under its Spending Clause powers, TEA waived any right it might have had to urge immunity under the Eleventh Amendment.[2]

We held TEA's appeal in abeyance pending our resolution of this precise issue in <u>Pace v. Bogalusa City School Board et al.</u>[3] In our recent en banc disposition of <u>Pace</u>, we held that Eleventh Amendment sovereign immunity to claims under § 504 of the Rehabilitation Act is waived by any state or state agency that accepts federal funds made available by Congress under the authority of the Spending Clause of the United States Constitution and clearly and expressly conditioned on waiver of immunity.

This holding in <u>Pace</u> controls our disposition of TEA's appeal of the district court's order denying dismissal of Appellees' Rehabilitation Act claim.  That ruling is therefore affirmed, and the case is remanded for further consistent proceedings.

AFFIRMED and REMANDED.

---

[1] 29 U.S.C. § 794.

[2] The district court also denied TEA's motion to dismiss Appellees' claim under the Individuals with Disabilities Education Act ("IDEA"), but the only order appealed from by TEA is the one denying dismissal of the Rehabilitation Act claim; so we do not address the district court's unappealed denial of TEA's motion to dismiss Appellees' IDEA claim.

[3] 2005 WL 546507 (5th Cir. 2005)(en banc).